UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02049-JLS-JC | Date | December 9, 2021 |
|---|---|---|---|
| Title | Albert Camacho v. Correctional Officer Isias Torres, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS)

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT I. ROBLES SHOULD NOT BE DISMISSED OR TO PROVIDE ACCURATE/SUFFICIENT SERVICE INFORMATION**

On March 3, 2021, Plaintiff Albert Camacho, a state prisoner who is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Correctional Officer I. Robles and eight other Defendants at California State Prison, Los Angeles County in Lancaster, California ("CSP-LAC"). (Docket No. 1). On May 17, 2021, the Court issued an Order Re: Service of Process by U.S. Marshal directing Plaintiff to complete and to return to the Clerk of the Court, a USM-285 form for each such Defendant, supplying, among other things, a complete street address where each Defendant could be served. (Docket No. 13). Plaintiff thereafter returned a USM-285 form for Defendant Robles which reflects that such Defendant's address is CSP-LAC, 44750 60th Street West, Lancaster, CA 93539. (See Docket Nos. 15, 25). However, as reflected on the attached notice, the United States Marshal's Service ("USMS") has been unable to effect service upon Defendant I. Robles at such address because "the CDCR do[es] not have a[n] employee with the name I. Robles at their facility." (Docket No. 25).[1]

An incarcerated *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to rely on the United States Marshal's Service ("USMS") for service and should not be penalized by having his action dismissed for failure to effect service where the USMS has failed to perform its duties. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). Nevertheless, a plaintiff relying upon the USMS for service must provide the necessary information to effectuate service. Id. Where a *pro se* plaintiff fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court may dismiss the unserved defendant *sua sponte*. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Here, Plaintiff has not done so.

---

[1] All other Defendants have waived service/been served and have appeared in this action. (Docket Nos. 26-42).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02049-JLS-JC | Date | December 9, 2021 |
|---|---|---|---|
| Title | Albert Camacho v. Correctional Officer Isias Torres, et al. | | |

　　IT IS THEREFORE ORDERED that no later than **December 29, 2021**, Plaintiff shall either (1) show good cause in writing, if any exists, why this case should not be dismissed as against Defendant Robles based on Plaintiff's failure to provide accurate and sufficient information to enable the USMS to effect service of the summons and complaint upon such Defendant; or (2) supply the Court with information sufficient to effect service upon such Defendant.

　　**Plaintiff is cautioned that the failure to comply with this Order, and/or to show good cause or to provide sufficient information to effect service upon Defendant I Robles, may result in the dismissal of this action as against such Defendant for failure to comply with the Court's Order, failure to provide accurate and sufficient information to effect service of the summons and complaint upon such Defendant, and/or failure to prosecute such Defendant.**

　　IT IS SO ORDERED.

Attachment